IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| South Carolina CVS Pharmacy, L.L.C., | Case No. 0:24-00524-JDA-SVH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| SCP 2001A-CSF-72 LLC; GCC Lancaster, LLC; GCC Realty Company, LLC; Allerand Realty Holdings, LLC; ACLCP Lancaster, LLC; Richard J. Sabella; Philip Kassover, | |
| Defendants. | |

This matter is before the Court on a motion by Defendants ACLCP Lancaster, LLC; Allerand Realty Holdings, LLC; GCC Lancaster, LLC; GCC Realty Company, LLC; SCP 2001A-CSF-72 LLC; and Richard J. Sabella (the "Allerand Defendants") for default judgment against Defendant Philip Kassover and to dismiss this interpleader action. [Doc. 64.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings.

On June 27, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Allerand Defendants' motion for default judgment be denied, the clerk's entry of default as to Kassover be set aside, and the case be allowed to proceed on the merits. [Doc. 71.] The Magistrate Judge advised the parties of the

procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 11.] The Allerand Defendants have filed objections to the Report, Kassover has filed a reply, and both have filed notices of opinions filed in similar cases in other courts. [Docs. 76; 77; 81; 82.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

On January 31, 2024, Plaintiff South Carolina CVS Pharmacy, LLC filed this interpleader action to resolve who among Defendants should receive its rental payments for property it leases. [Doc. 1.] Plaintiff requested a clerk's entry of default against Kassover on March 25, 2024, which the clerk entered the following day. [Docs. 40; 42.] On April 11, 2024, Kassover, proceeding pro se, filed an Answer to Plaintiff's Complaint, and the following week he filed a letter requesting "to cure" his default. [Docs. 50; 59.]

On May 2, 2024, the Allerand Defendants moved for default judgment against Kassover and further argued that if default judgment is entered against Kassover, the case should be dismissed for lack of subject matter jurisdiction. [Docs. 64; 64-1.] Kassover filed a response on June 6, 2024, arguing that there is good cause to set aside the clerk's entry of default. [Doc. 69.] The Allerand Defendants filed a reply on June 13, 2024. [Doc. 70.]

## DISCUSSION

The Magistrate Judge recommends setting aside the clerk's entry of default for good cause in accordance with Rule 55(c) of the Federal Rules of Civil Procedure because Kassover has a potentially meritorious defense, he acted with reasonable promptness to cure the default, the Allerand Defendants would not be prejudiced by setting aside the default, and there is no indication of a history of dilatory action. [Doc. 71 at 5–9 (analyzing the factors in *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)[1]).] Accordingly, the Magistrate Judge recommends that the motion for default judgment be denied and the case be allowed to proceed on the merits, particularly given the Fourth Circuit's policy of favoring adjudication of claims on their merits. [*Id*. at 9.]

In their first objection to the Report, the Allerand Defendants argue that the Magistrate Judge's determination that Kassover has presented a potentially meritorious defense "is conclusory and glosses over the defects in Kassover's assertions," does not recognize that Kassover's appointment as "attorney-in-fact" by the New York state court

---

[1] As the Magistrate Judge noted, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05.

3

is for a limited purpose, or that, to the extent Kassover has any continuing rights, his recourse is with the New York Sheriff.  [Doc. 76 at 1–3.]  The Court overrules this objection.  Establishing a meritorious defense requires only "a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default."  *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (alterations in original) (internal quotation marks omitted).  Upon review of Kassover's Answer, response in opposition to the motion for default judgment, and reply to the Allerand Defendants' objections to the Report, the Court concludes that the Magistrate Judge properly determined that Kassover has met the minimal burden of presenting a meritorious defense.  Although the Allerand Defendants' objections may raise a factual dispute, "disputed factual questions should be resolved in the defaulting party's favor."  *Am. Gen. Life Ins. Co. v. Ruiz*, 480 F. Supp. 3d 702, 708 (E.D.N.C. 2020) (internal quotation marks omitted).

In their second objection, the Allerand Defendants argue that the Magistrate Judge gave too little weight to Kassover's personal responsibility for the default.  [Doc. 76 at 3–5.]  The Court overrules this objection as well.  The Magistrate Judge specifically noted that Kassover "is personally responsible for the default."  [Doc. 71 at 8.]  Nonetheless, in weighing the *Payne* factors, the Magistrate Judge concluded that the other factors outweighed Kassover's personal responsibility.  [*Id.* at 5–9 (concluding that Kassover has a meritorious defense, he acted with reasonable promptness, the Allerand Defendants

4

would not be prejudiced by setting aside the default, and there is no indication of a history of dilatory action).]

Particularly given the Fourth Circuit's "long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (internal quotation marks omitted), the Court overrules the Allerand Defendants' objections.

## CONCLUSION

For the reasons discussed, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, the Allerand Defendants' motion for default judgment against Defendant Philip Kassover and to dismiss this interpleader action[2] [Doc. 64] is DENIED, and the entry of default as to Kassover is set aside.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

February 18, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] As stated, the Allerand Defendants argued that if default judgment is entered against Kassover, the case should be dismissed for lack of subject matter jurisdiction. [Docs. 64 at 2; 64-1 at 10.] Because the Court declines to grant default judgment against Kassover, the case is not subject to dismissal.